UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SOLOMON D. MAYE, : | |
|     PLAINTIFF, : | |
| : | CIVIL ACTION NO. 3:10cv194(VLB) |
| : | |
| v. : | JUNE 28, 2012 |
| : | |
| OFFICER S. DURKIN, ET AL., : | |
|     DEFENDANTS. : | |

## MEMORANDUM OF DECISION GRANTING DEFENDANTS' [DKT. ## 42, 43, 44, 54, and 56] MOTIONS TO DISMISS

The Plaintiff, Solomon D. Maye ("Maye") brings this action against Defendants Officer S. Durkin, Officer MacArthur, Officer Bullock, Officer William White, Officer Doe, and the City of New Haven pursuant to 42 U.S.C. § 1983 alleging false arrest and malicious prosecution in violation of his Fourth, Fifth and Fourteenth Amendment rights. Defendants have moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff's false arrest claim on the basis that such claim is barred by the statute of limitations as well as the claims against the City of New Haven and on behalf of the Individual Defendants in their official capacities for failure to state a claim under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). For the foregoing reasons, Defendants' motions to dismiss are GRANTED.

### Procedural Background

Plaintiff, who was incarcerated at Corrigan-Radgowski in Uncasville, Connecticut, originally filed his complaint *pro se* in this Court on February 5, 2010. Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil

1

complaints against governmental actors and "dismiss…any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* Accordingly on October 28, 2010, this Court issued its initial review order and dismissed Plaintiff's claims of excessive force, sexual assault, unlawful search of plaintiff and his car and denial of medical treatment as barred by the statute of limitations pursuant to 28 U.S.C. § 1915A(b)(1) and declined to exercise supplemental jurisdiction over any state law claims against the New Haven Police Department. *See* [Dkt. #7]. The Court permitted Plaintiff's Section 1983 false arrest claim to proceed on the basis that there were insufficient facts at that point in the litigation to determine whether Plaintiff's false arrest claim was also barred by the statute of limitations. [*Id.*].

On February 15, 2011, Defendants moved to dismiss the claims brought against the City of New Haven and the Individual Defendants in their official capacities on the basis that Plaintiff has failed to plead in accordance with *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) that the Defendant City had an unconstitutional policy or custom which caused Plaintiff's injuries. The Court granted Defendants' first motion to dismiss without prejudice to Plaintiff filing an amended complaint. See [Dkt. #34].

On February 5, 2010, Plaintiff moved for appointment of counsel which was denied without prejudice on April 20, 2010. *See* [Dkt. #5]. On March 22, 2011, Plaintiff renewed his motion to appoint counsel which the Court granted. On July 1, 2011, Pro Bono Counsel was appointed for Plaintiff. [Dkt. #32]. On September

2

9, 2011, Plaintiff filed his Third Amended Complaint.  On September 23, 2011, Defendants Durkin, MacArthur, Bullock, Doe, and the City of New Haven moved to dismiss the third amended complaint. [Dkt. #42].[1]  On October 10, 2011, Defendant White also moved to dismiss the Third Amended Complaint.  [Dkt.# 44].

On November 21, 2011, Plaintiff filed a fourth amended complaint which is substantially similar to its third amended complaint.  See [Dkt. #52].  Defendant White submitted a "renewed" motion to dismiss in which he conceded that "plaintiff has arguably alleged sufficient facts to barely survive the motion to dismiss on his claim for malicious prosecution directed at defendant White" and reasserted his arguments that Plaintiff's false arrest claim should be dismissed from his prior motion to dismiss as well as the official capacity claims against him.  See [Dkt. #54].  Defendants Durkin, MacArthur, Bullock, Doe, and the City of New Haven also submitted a "renewed" motion to dismiss and also conceded that Plaintiff had alleged sufficient facts to "narrowly escape the motion to dismiss his claim for malicious prosecution directed at defendants Durkin, Bullock, MacArthur, and the City of New Haven" and reasserted their prior arguments that the false arrest claim should be dismissed along with all official capacity claims and the claim against the City of New Haven.  See [Dkt. #56].  Plaintiff also conceded in his opposition to the renewed motions to dismiss that he does not intend to pursue a claim arising under the Fifth Amendment.

---

[1] The Defendants filed a duplicate version of its [Dkt. #42] motion to dismiss which appears as [Dkt. #43] on the docket.  Therefore Defendants' [Dkt. #42] and [Dkt. #43] motions to dismiss are duplicates of each other.

3

[Dkt.#57, Pl. Mem. at p.2]. Consequently, the only claims at issue in the pending motions to dismiss are Plaintiff's false arrest claim and his *Monell* claim against the City of New Haven and the Individual Defendants in their official capacities.

### Factual Allegations

The following facts are taken from Plaintiff's Fourth Amended Complaint. Defendants Durkin, MacArthur, Bullock, White and Doe were at all relevant times police officers employed by the City of New Haven. [Dkt. #52, Fourth Amended Compl. at ¶2]. Defendant White was the supervisor of the Narcotics Enforcement Unit for the City of New Haven Police Department from approximately June, 2003 until approximately March 2007. [*Id.* at ¶4].

Maye alleges that in 2006 and 2007, White targeted him to become an informant in a criminal investigation involving an acquaintance. In order to convince Maye to serve as an informant, Plaintiff alleges that White and the other Defendant Officers arrested him on false narcotics charges on May 15, 2006 and again on July 30, 2006. [*Id.* at ¶¶8-9]. Maye was incarcerated from about July 30, 2006 until January 31, 2007. He alleges that White proposed to have all or some of the narcotics charges withdrawn or dismissed in exchange for his assistance with the criminal investigation of his acquaintance. [*Id.* at ¶¶10-11]. Maye alleges that on January 31, 2007, he accepted White's proposal. [*Id.* at ¶12]. On January 31, 2007, Maye alleges that he appeared in state court and "entered into the agreement proposed by defendant White, that plaintiff serve as an informant on behalf of defendant White in the criminal investigation in exchange for withdrawal

4

of some criminal charges, while plaintiff plead guilty to other criminal charges." [*Id.* at ¶13]. Plaintiff alleges that he "upheld his end of the bargain and performed services as an informant in connection with the criminal investigation." [*Id.* at ¶15]. Plaintiff alleges that the false narcotics charges were eventually resolved in his favor when they were nolled and dismissed by state court on March 23, 2010. [*Id.* at ¶16].

Plaintiff alleges that on or about March 14, 2007, White was arrested by the FBI and charged with corruption in public office. On October 25, 2007, White pled guilty to theft of government property and conspiracy to commit bribery. [*Id.* at ¶¶14-15].

Plaintiff alleges that the actions of the Defendants violated his "constitutional right to be free of illegal seizures, arrest without probable cause and malicious prosecution as guaranteed to him by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution."  [*Id.* at ¶20].

Plaintiff also alleges that the actions of Defendants were "part of a pattern of constitutionally offensive acts of the New Haven Police Department reflecting an unwritten policy of the defendant City of New Haven of violating citizens' rights" and that "the constitutionally offensive acts of the New Haven Police Department Narcotics Unit were so pervasive, blatant, and significant that the City of New Haven had constructive or actual knowledge of violation of citizens' rights that was resulting." [*Id.* at ¶¶21-22]. Lastly, Plaintiff alleges that the City of New Haven knowingly acquiesced in the "constitutionally offensive conduct" of

5

the Defendant Officers and "created a custom of acceptance of the conduct in violation of the plaintiff's constitutional rights."  [*Id.* at ¶23].

### Legal Standard

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).   While Rule 8 does not require detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (internal quotations omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (internal citations omitted).

In considering a motion to dismiss for failure to state a claim, the Court should follow a "two-pronged approach" to evaluate the sufficiency of the complaint.  *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010).  "A court 'can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'"  *Id.* (quoting *Iqbal*, 129 S.Ct. at 1949-50).  "At the second step, a court should determine whether the 'well-pleaded factual allegations,' assumed to be true, 'plausibly give rise to an

6

entitlement to relief.'"  *Id.* (quoting *Iqbal*, 129 S.Ct. at 1950).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 129 S.Ct. at 1949 (internal quotation marks omitted).

### Analysis of False Arrest Claim

Defendants argue that Plaintiff's false arrest claim should be dismissed as barred by the applicable statute of limitations.[2]  Since a statute of limitations defense is an affirmative defense, it is not normally considered on a motion to dismiss.  However, it is appropriate to consider such a defense at the motion to dismiss stage where "the dates in question are undisputed."  *Pinkston v. Connecticut*, No.3:09-CV-633, 2009 WL 2852907, at *2 (D. Conn. Sept. 2, 2009) ("'Where the dates in a complaint show that an action is barred by a statute of limitations, a defendant may raise the affirmative defense in a pre-answer motion to dismiss'") (quoting *Ghartey v. St. John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989)).  "Since Congress did not enact a statute of limitations governing actions brought under §1983, the courts must borrow a state statute of limitations."  *Lounsbury v. Jeffries*, 25 F.3d 131, 133 (2d Cir. 1994) (citation

---

[2] The Court notes that in his memorandum in opposition to the renewed motions to dismiss, Plaintiff fails to address the statute of limitations argument with respect to the false arrest claim and instead argues that Plaintiff's malicious prosecution claim is not barred by the statute of limitations.  See [Dkt. 57, Pl. Mem. at p.6-7] (Section D entitled "Statute of Limitations for Malicious Prosecution" arguing that the statute of limitations for the malicious prosecution claim began to run when the false narcotics charges were nolled and dismissed).  However, no Defendant has moved to dismiss the malicious prosecution claim on any basis in the renewed motions to dismiss and therefore Plaintiff's arguments in this regard are superfluous.

7

omitted).  The Second Circuit instructs that the state statute to be borrowed is the one most appropriate or most analogous so long as it is not inconsistent with federal law or policy.  *Id.*  Courts in this district have long recognized that the three-year personal injury statute of limitations set forth in Conn. Gen. Stat. §52-777 to be the appropriate statute of limitations for § 1983 claims. *Pinkston*, 2009 WL 2852907, at *2 (citing *Lounsbury*, 25 F.3d at 134).

While state law determines the applicable statute of limitations period, federal law determines when a § 1983 claims accrues.  "Under federal law, a cause of action generally accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action." *M.D. v. Southington Bd. of Educ.*, 334 F.3d 217, (2d Cir. 2003) (internal quotation marks and citations omitted). The Supreme Court in *Wallace v. Kato*, 549 U.S. 384 (2007) found that the statute of limitations for a false arrest claim "begins to run at the time the claimant becomes detained pursuant to legal process." *Id*. at 397.  Here, Plaintiff alleges in his complaint that he was arrested on May 15, 2006 and July 30, 2006 and was incarcerated from July 30, 2006 until January 31, 2007.  Therefore, the statute of limitations began to run on July 30, 2006.  [Dkt. #52, Fourth Amended Compl. at ¶¶9-10].  In the Court's initial review order, the Court held that the earliest Plaintiff could have filed his complaint was on January 25, 2010 when he "presumably handed his complaint and *in forma pauperis* application to prison officials for filing." [Dkt. #7 at 4].  Since Plaintiff filed his complaint more than three years after his arrest and incarceration on July 30, 2006, his false arrest claim is time-barred.

**Analysis of Municipal Liability**

**Defendants argue that Plaintiff's claims against the City of New Haven and against the Individual Defendants in their official capacities should be dismissed for failure to state a *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) claim. Section 1983 claims brought against municipal employees sued in their official capacity are treated as claims against the municipality itself. *See Seri v. Town of Newtown*, 573 F.Supp.2d 661, 671 (D.Conn. 2008). Defendants argue that Plaintiff's Fourth Amended Complaint contains only blanket conclusory allegations that the alleged acts of the individual defendants reflected an unwritten city policy.**

**A plaintiff can only sue a municipality under 42 U.S.C. § 1983 for constitutional violations of its employees occurring pursuant to an official policy or custom. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). "Specifically, *Monell*'s policy or custom requirement is satisfied where a local government is faced with a pattern of misconduct and does nothing, compelling the conclusion that the local government has acquiesced in or tacitly authorized its subordinates' unlawful actions ... Such a pattern, if sufficiently persistent or widespread as to acquire the force of law, may constitute a policy or custom within the meaning of *Monell*." *Reynolds v. Guiliani*, 506 F.3d 183, 192 (2d Cir. 2007) (citations omitted). Moreover in order to state a cognizable claim against a municipality, a plaintiff must allege facts showing that he was denied his**

constitutional right as a result of an official policy or custom. *See Garcia v. Rosario*, No.3:10-cv-795, 2010 WL 3724281, at *1 (D. Conn. Sept. 15, 2010) ("The city cannot be held liable just because it employs the officers who allegedly violated Garcia's rights. There must be a direct causal link between a municipal policy or custom, and the alleged constitutional deprivation.") (internal quotation marks and citation omitted).

Here, Plaintiff has failed to allege sufficient factual content to state a *Monell* claim that is plausible on its face. Plaintiff conclusory alleges that the Defendants' acts were "part of a pattern of constitutionally offensive acts of the New Haven Police Department reflecting an unwritten policy of the defendant City of New Haven of violating citizens' rights" and that the City of New Haven "created a custom of acceptance of the conduct in violation of the plaintiff's constitutional rights." Dkt. #52, Fourth Amended Compl. at ¶¶21-23]. These allegations are replete with labels and conclusions which merely recite the elements of a *Monell* claim devoid of any factual content which would allow the Court to draw the reasonable inference that municipal liability should apply. For example, Plaintiff has failed to allege any facts indicating that the City of New Haven was aware of a pattern of misconduct by the New Haven Police Department Narcotics Unit *prior* to Maye's arrest to demonstrate that the City had acquiesced in or tacitly authorized its subordinates' unlawful actions to constitute a policy or custom within the meaning of *Monell*. Plaintiff only conclusory alleges that the New Haven Police Department Narcotics Unit's

misconduct was so pervasive and blatant that the City had constructive or actual knowledge.  [*Id.* at ¶¶21-22].

Plaintiff suggests in his opposition to Defendants' motions to dismiss that the City had notice of a pattern of misconduct as a result of Defendant White's arrest by the FBI. [Dkt. #57, Pl. Mem. at p. 9-10].  However, Plaintiff alleges that Defendant White was arrested on March 14, 2007 while Plaintiff was arrested almost a year earlier on May 15, 2006 and then on July 30, 2006. [Dkt. #52, Fourth Amended Compl. at ¶¶9,17].  Therefore, Defendant White's arrest could not have put the City on notice of the New Haven Police Department Narcotics Unit's pattern of misconduct at the time of Maye's arrests.  Contrary to Plaintiff's contention, the fact of White's arrest does not plausibly demonstrate that the alleged misconduct was so blatant and widespread that the City had actual or constructive notice at the time of Maye's arrests.  Here, Plaintiff has not alleged any factual content which would support an inference that the City had knowledge of and acquiesced in a policy or custom during the time of Maye's arrests.  In addition, all of the other allegations in Plaintiff's Fourth Amended Complaint regarding the alleged municipal policy or custom are conclusory and devoid of any factual content which would allow the Court to plausibly infer that Maye's purported constitutional injury was caused by such a municipal policy or custom.

The Court notes that "[w]here the act did not result from official municipal policy, the municipality may still be held liability where the injury is caused by one of its lawmakers." *Russo v. City of Hartford*, 341 F. Supp. 2d 85, 107 (D.

Conn. 2004).  Here, since Plaintiff never alleges that Defendant White was a final policy maker in the Fourth Amended Complaint, the Plaintiff also fails to state a *Monell* claim on this basis as well.  The Court therefore dismisses Plaintiff's *Monell* claims against the City of New Haven and the claims against all the Individual Defendants in their official capacities.

### Conclusion

Based upon the above reasoning, the Defendants' motions to dismiss [Dkt. ## 43, 44, 54, and 56] are GRANTED.  Plaintiff's false arrest claim and *Monell* claim against the City of New Haven and the Individual Defendants in their official capacities have been dismissed.  The only remaining claim is Plaintiff's claim for malicious prosecution against the Individual Defendants in their individual capacities.  The Clerk is directed to terminate the City of New Haven as a defendant in this action.

                                      IT IS SO ORDERED.

                                      /s/

                                  Hon. Vanessa L. Bryant

                                  **United States District Judge**

Dated at Hartford, Connecticut: June 28, 2012